# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**Michael Owen Millay,**

    **Plaintiff,**                             **Civil Action No.: 13-CV-14687**

    vs.                                 **District Judge Sean F. Cox**

                                       **Magistrate Judge Mona K. Majzoub**

**Thomas L. Pitts and JB**
**Hunt Transport, Inc., a**
**foreign corporation,**

    **Defendants.**

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL [23]

    This matter comes before the Court on Defendant's Motion to Compel. (Docket no. 23.) Plaintiff has not filed a Response. The motion has been referred to the undersigned for consideration. (Docket no. 27.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

    The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Rules 33 allows a party to serve requests for production of documents

1

on an opposing party. Fed.R.Civ.P. 33. A party receiving these types of discovery requests has 30 days to respond with answers or objections. If the receiving party fails to respond, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

Plaintiff's claim, initially filed in Genessee County Circuit Court, alleges that he sustained injuries when his pickup truck was rear-ended by a tractor-trailer driven by Thomas Pitts and owned by JB Hunt. (*See* docket no. 1.) After removing the matter to this Court and completing some discovery, on October 29, 2013, Defendant JB Hunt served Plaintiff with its Second Set of Interrogatories. When Plaintiff failed to respond, Defendant filed a Motion to Compel. (Docket no. 3.) The Court struck Defendant's Motion for failure to comply with E.D. Mich L.R. 37.2. Defendant re-filed its Motion (docket no. 5), and on February 20, 2014, the Court entered a Stipulation and Order requiring Plaintiff to respond to Defendant's discovery requests. (Docket no. 8.)

On March 7, 2014, Defendant Pitts had not been served, so the Court ordered Plaintiff to show cause why Defendant Pitts should not be dismissed for failure to prosecute. (Docket no. 11.) Plaintiff did not respond, so on March 31, 2014, the Court dismissed Defendant Pitts. (Docket no. 14.)

On July 29, 2014, after Plaintiff's deposition, Defendant served on Plaintiff its Third Set of Interrogatories. (*See* docket no. 23.) Plaintiff again failed to respond, and on September 2, 2009,

Defendant filed a Motion to Compel. (Docket no. 20.) On September 25, the Court struck Defendant's Motion for failure to comply with E.D. Mich. L.R. 7.1(d)(2) and 5.1(d). Defendant re-filed its Motion. (Docket no. 23.)

Despite having over 50 days since Defendant filed its Motion to Compel (and over 70 days since its initial, improperly filed Motion to Compel), Plaintiff has failed to file any response. Plaintiff was required to respond to Defendant's interrogatories within 30 days of service. Fed.R.Civ.P. 33(b)(2). And he was required to respond to Defendant's Motion within 14 days. E.D. Mich. L.R. 7.1(e)(2). Notably, however, this is not the first time in the course of this litigation where Plaintiff has failed to respond in a timely manner. Thus, by not filing any proper objections during the response period, Plaintiff has waived any objections to the discovery. The Court will, therefore, grant Defendant's Motion to Compel and order Plaintiff to respond to Defendant's discovery requests.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel [23] is **GRANTED**. Plaintiff must submit to Defendant's counsel full and complete responses, without objection, to Defendant's Third Set of Interrogatories within 14 days of this Order. Failure to comply with this Order may result in sanctions against Plaintiff, including dismissal of Plaintiff's claims.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

---

[1] Defendant has not requested attorneys fees under Fed. R. Civ. P. 37.

Dated:  November 17, 2014          s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 17, 2014          s/ Marlena Williams
                                                Case Manager